Patrick Eugene McKINNEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15094.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

On the 2nd day of January, 1968, Patrick Eugene McKinney, hereinafter referred to as defendant, appeared in open court accompanied by counsel and his mother, and entered a plea of guilty to the charge of Unauthorized Use of a Motor Vehicle. Prior to the acceptance of the plea, the trial

court carefully and meticulously explained the defendant's constitutional and statutory rights, including his right to a jury trial, etc. The defendant, after having been thoroughly advised of his rights, freely, intelligently and voluntarily entered a plea of guilty stating that his reason for doing so was because he was guilty and that he was entering said plea after consulting with his mother and counsel of his own choice. Whereupon, the court announced that he would defer the imposition of judgment and sentence for a period of one year and that if at the expiration of that time, the defendant had violated none of the laws of the nation, state or city, the court would allow the defendant to withdraw his plea of guilty and permit the State to dismiss the charges pending against him. The court cautioned the defendant against violating any of the aforementioned laws during that period of time, and advised him that should this be done, he would be sentenced on his plea of guilty.

Thereafter, on the 23rd day of January, 1969, the defendant appeared for judgment and sentence, accompanied by counsel of his own choice who had represented him at the time he originally entered the plea of guilty, said time having been reset for that date by agreement of counsel. After having been advised of defendant's plea of guilty to violation of city ordinances and the commitment to the county jail on other charges pending against him, the trial court pronounced sentence of two years imprisonment for the crime of Unauthorized Use of a Motor Vehicle and thereafter advised the defendant of his right to appeal as an indigent at public expense and to be represented by court-appointed counsel. The counsel originally employed by defendant was permitted to withdraw and the Public Defender appointed to perfect this appeal.

Even a most cursory examination of the record reflects that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed, and it is readily apparent that the defendant knowingly and intelligently entered a plea of guilty after having advised with his mother and counsel of his own choice, with full knowledge of the nature and consequence of such plea, and readily admitted his guilt. It does not appear that he ever sought to withdraw his plea of guilty. Moreover, the punishment imposed was well within the range provided by law and it cannot be seriously contended that the punishment was excessive.

This, in our view, is a frivolous appeal and could have been summarily dismissed for that reason; nevertheless, we have reviewed the record and the Amicus Curiae brief submitted by the defendant's mother, and find no basis that would justify this Court in reversing or modifying judgment and sentence imposed by the trial court.

The judgment and sentence appealed from is accordingly

Affirmed.

NIX, J., concurs.

BRETT, P. J., not participating.